IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARRYL HORTON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-268-TCB-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-610-TCB-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Terre Haute, Indiana. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 14 in 1:11-cr-268-TCB-LTW.)[1]

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion and the record in this case and finds it plainly apparent that Movant is not entitled to relief for the reasons explained below.

---

[1] All citations to the record are to 1:11-cr-268-TCB-LTW.

On May 27, 2011, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to commit mail fraud. (Doc. 4-1 ("Plea Agr."); Doc. 8 ("Plea Tr.").) In the plea agreement, Movant "voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground." (Plea Agr. at 7.) The only exceptions to the appeal waiver were if Respondent filed an appeal or if the Court departed upward or varied from the sentencing range calculated under the U.S. Sentencing Guidelines. (*Id.*) None of those things happened. Movant and Respondent also agreed in the Plea Agreement that the maximum term of imprisonment was sixty months. (*Id.* at 2.) Attorney Jake Waldrop represented Movant at the plea hearing.

At the time Movant pled guilty, he was serving a twenty-four month federal prison sentence for a tax fraud conviction in Michigan. (Doc. 14 at 7.) Approximately sixteen months remained on that sentence when Movant pled guilty in this case. (*Id.* at 8.)

On February 24, 2012, the Court sentenced Movant to 54 months in prison, three years of supervised release, a special assessment, and restitution. (Doc. 13.) The

Court sentenced Movant to fifty-four, rather than the expected sixty, months' imprisonment to make his sentence partially concurrent (to the tune of six months) with the time remaining on his Michigan sentence. (*Id.* at 8-9); *see* Tr. Of Sent. Hrg., *United States v. Horton*, No. 1:09-cr-406-TCB, at *134-35 (N.D. Ga. Feb. 23, 2012), ECF No. 302 ("Sent. Tr."). The Court ordered that the fifty-four month sentence run consecutive to the remaining term of Movant's Michigan sentence. (Sent. Tr. at 135.)

Movant did not appeal his conviction or sentence. (Doc. 14 at 1.) Movant's § 2255 motion is dated February 18, 2013. (*Id.* at 6.)

Movant asserts one claim in his § 2255 motion. (*Id.* at 4-9.) That claim is that Waldrop was ineffective for not obtaining from Respondent a stipulation that Movant's sentence in this case would run concurrently to the remaining term of imprisonment on his Michigan sentence. (*Id.* at 4, 8.) Movant complains that "[t]his stipulation should have been included in the plea agreement," while "[i]n actuality, the plea agreement was silent on this matter." (*Id.* at 8.)

Movant's claim is barred by the appeal waiver in his plea agreement. An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v.*

*Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those tests are satisfied here.

At the plea hearing, the Court expressly questioned Movant about the appeal waiver in his plea agreement:

> THE COURT: Do you understand as a part of your plea agreement, you're giving up your right to appeal your sentence – to appeal your sentence unless there is an upward departure from the guidelines or an appeal by the Government?
>
> THE DEFENDANT: Yes. Yes, Your Honor.
>
> THE COURT: Has anyone used any force or threat of force to get you to give up your right to appeal your sentence?
>
> THE DEFENDANT: No. No.
>
> THE COURT: No?
>
> THE DEFENDANT: No. Right. Correct.
>
> THE COURT: Other than the plea agreement, has anyone made a promise to you that caused you to give up your right to appeal your sentence?
>
> THE DEFENDANT: No, Your Honor.

THE COURT: Are you giving up your right to appeal freely and voluntarily?

THE DEFENDANT: Yes.

(Plea Tr. at 25-26.) Movant's discussion with the Court about the appeal waiver demonstrates that he knowingly and voluntarily agreed to it. Movant does not contend otherwise, (Doc. 14), and his sworn statements at the plea hearing would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). The appeal waiver is valid.

Movant's sworn statements at the plea hearing also demonstrate that he was fully aware when he pled guilty (and agreed to the appeal waiver) that the Court might order that his sentence in this case run consecutively to his sentence in the Michigan case. The following discussion of that topic occurred at the plea hearing:

> MR. ANAND [prosecutor]: . . . I'd like to add – *this is not in the plea agreement*, but I'd just like to add for the record that the defendant is currently serving a sentence of imprisonment on an unrelated conviction. And the – the maximum penalties I just read are potentially consecutive to what he's currently –
>
> THE COURT: Is this a federal or state sentence he's under?
>
> MR. ANAND: Federal. *So, there's no agreement between the parties as to whether it be consecutive or concurrent.* That may be an issue that's argued at sentencing.

5

>THE COURT: I understand.
>
>MR. ANAND: It will likely be our position that it will be consecutive.
>
>MR. WALDROP: And it will likely be our position that it's concurrent.
>
>MR. ANAND: I just want to make sure the record is clear and the defendant understands that –
>
>THE COURT: Absolutely. *I just want to make sure there's not any question about what Mr. Anand just explained regarding the other sentence you have and what effect the Government argued and what you and your attorney would have a right to argue?*
>
>THE DEFENDANT: *Correct.*
>
>THE COURT: Any questions about that? Do you wish to have time to talk to your attorney about it?
>
>THE DEFENDANT: *We've already discussed it.*
>
>THE COURT: *Okay. So, no questions about that whatsoever?*
>
>THE DEFENDANT: *No.*

(Plea Tr. at 11-12 (emphasis added).) That colloquy demonstrates that Movant knew he was pleading guilty with no stipulation or agreement that his Georgia and Michigan sentences would run concurrently. Movant also made clear at the hearing that Waldrop had not told him otherwise before he pled guilty:

>THE COURT: Okay. *Have you made any promise to the defendant of the amount of credit he could receive for any time spent in federal, state*

> *custody?*
>
> MR. WALDROP: *No, sir. . . . I also mentioned to him that the Court could run it [the sentence] fully consecutively to the current sentence he's serving or partially concurrently or fully concurrently. So, those were things I did tell him.*
>
> THE COURT: Okay. But you did leave the impression that Judge Batten has discretion in those matters?
>
> MR. WALDROP: Right. *Judge Batten has the absolute discretion to either do it fully consecutive or partially consecutive or fully concurrent sentence when he imposes sentence.*
>
> THE COURT: *And, Mr. Horton, that's your understanding?*
>
> THE DEFENDANT: *Yeah, that's my understanding.*

(*Id.* at 20 (emphasis added).) Movant confirmed at the end of the hearing that he did not disagree with anything Waldrop had said during the hearing, he understood everything that had been discussed, and he needed no clarification on anything:

> THE COURT: . . . Is there anything, Mr. Horton, that I have said or any of the questions I have asked you that you did not understand or that you wish for me to clarify?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: . . . But again, is there anything that I have said or any of the questions I have asked that you do not understand or do you wish me to clarify, Mr. Horton?

7

>THE DEFENDANT: No. No, Your Honor.
>
>THE COURT: Is there anything that your attorney has said during the hearing that you disagree with or that is not the truth?
>
>THE DEFENDANT: No. No, Your Honor.

(*Id.* at 30-32.)

Finally, Movant's execution of the written plea agreement further demonstrates that he pled guilty and agreed to the appeal waiver knowing that his sentence in this case might run consecutively to his Michigan sentence and that no one, including Waldrop, told him otherwise. The plea agreement, as Movant acknowledges in his § 2255 motion, contained no reference to his Michigan sentence or whether his sentence in this case would run concurrently or consecutively to any other sentence. (Plea Agr.; Doc. 14 at 9 ("In actuality, the plea agreement was silent on this matter.").) Movant stated in the plea agreement that he had "read . . . and . . . carefully reviewed every part of it with [his] . . . attorney" and that "no promises or inducements ha[d] been made to [him] . . . other than those discussed in the Plea Agreement." (Plea Agr. at 8-9.) The appeal waiver is valid and bars Movant's claim in his § 2255 motion that his sentences are consecutive because of Waldrop's ineffectiveness during plea negotiations.

AO 72A
(Rev.8/82)

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [14] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:13-cv-610-TCB-LTW be **DISMISSED**. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss habeas petitions after affording the parties fair notice).[2] The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his claim is barred by the appeal waiver in his plea agreement. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 1 day of March, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] This Report and Recommendation provides such notice.